saulted is to provide identification, so that the accused mày prepare his defense and not be taken by surprise on the trial, and to prevent his being twice tried for the same offense. (*People v. Weisman,* 296 Ill. 156; *People v. Reilly,* 257 Ill. 538.) Where, from the record, there is no question of the identity of the victim as the person named, such variance is not fatal. (*Little v. People,* 157 Ill. 153.)" *People v. Jankowski,* 391 Ill. 298, at 301 to 302, 63 N.E.2d 362, at 363 to 364 (1945), *overruled on other grounds, People v. Flynn* (1956), 8 Ill.2d 116.

The record clearly shows that an aggravated battery was committed upon two different persons. Although both complaints named Myron Goodlow as the victim, one named him as the complainant and was signed and verified by him, while the other named Mary Goodlow as the complainant and was signed and verified by her. Under these circumstances we cannot conclude that the defendant was given separate punishments for a single act.

The judgment of the Circuit Court of Cook County is therefore affirmed.

Judgment affirmed.

DIERINGER and JOHNSON, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CECIL PAGE *et al.,* Defendants-Appellants.

(No. 58330;

First District (2nd Division)—December 4, 1973.

PER CURIAM.
HAYES, J., took no part.

Paul Bradley, Deputy Defender, of Chicago (Gordon H. Berry, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Lee T. Hettinger, Assistant State's Attorneys, of counsel), for the People.